# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LYDIA RODRIGUEZ,<br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER<br>OF THE SOCIAL SECURITY<br>ADMINISTRATION,[1]<br>    Defendant. | § § § § § § § § § § §    No. EP-18-CV-00385-ATB |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Court orders that the Commissioner's decision be **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff applied for both DIB and SSI on August 19, 2014, alleging a disability onset date of March 13, 2013. (R. 337-46). Plaintiff's applications were initially denied on November 10,

---

[1] Plaintiff brought this action against Nancy A. Berryhill in her official capacity as Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of the Social Security Administration. *See* SOCIAL SECURITY ADMINISTRATION, https://www.ssa.gov/agency/commissioner.html (last visited July 15, 2019). Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is automatically substituted as a party in this action. *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

2014, and upon reconsideration on March 10, 2015. (R. 220-27, 230-35). An Administrative Law Judge ("ALJ") held a hearing on August 9, 2016, and a supplemental hearing on December 5, 2017. (R. 107-37, 138-54). The ALJ issued a decision ("Decision") on December 18, 2017, finding that Plaintiff was not disabled. (R. 85-99).

## II. ISSUE

Plaintiff presents the following issue for review: whether "the ALJ's finding that Plaintiff can perform her past relevant work is supported by substantial evidence." (ECF No. 19, p. 3). Plaintiff contends that the ALJ erred by: (1) finding that plaintiff could perform her past relevant work, which exceeded her residual functional capacity ("RFC"); (2) not resolving a conflict between the *Dictionary of Occupational Titles* ("DOT") and the Vocational Expert's ("VE") opinion; and (3) failing to consider whether Plaintiff possessed transferrable skills. (*Id*. at 3-6).

## III. DISCUSSION

### a. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only

where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

      b.     **Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical Vocational Guidelines of the regulations, by VE testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Once the Commissioner makes the requisite showing at step five, the burden shifts back to the Plaintiff to rebut the finding that there are jobs that exist in significant numbers that the Plaintiff could perform. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 13, 2013. (R. 88). At step two, the ALJ found that Plaintiff has severe degenerative disc disease of the cervical spine, right knee degenerative joint disease, bilateral carpal tunnel syndrome, diabetes, hypertension, hyperlipidemia, somatic symptom disorder, major depressive disorder, anxiety disorder, and borderline intellectual function. (R. 88). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the criteria of any listed impairment. (R. 88-92). Before step four, the ALJ found that Plaintiff has the residual function capacity to perform light work:

> except stand and/or walk 2 hours cumulatively in an 8-hour workday; occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs; no climbing of ladders, ropes, or scaffolds; no bilateral overhead reaching; frequent bilateral handling, fingering, and feeling; can understand, carry out and remember detailed, but not complex, instructions, make decisions, attend and concentrate for two hours at a time, interact adequately with others, and respond appropriately to changes in routine work setting.

(R. 92). At step four, the ALJ determined that Plaintiff could perform her past relevant work as an administrative clerk, as she performed it. (R. 98). Based upon this conclusion, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and therefore not entitled to DIB or SSI. (R. 99).

    **c.**     **Analysis**

At step four, the ALJ determines if the claimant's impairments prevent them from performing their past relevant work. "This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). In this case, the ALJ determined that Plaintiff could perform her past relevant work "as she performed it." (R. 98).

4

Plaintiff contends that the ALJ erred in finding that she could perform her past relevant work because it exceeded her RFC. (ECF No. 19, p. 4). The ALJ found that Plaintiff could perform light work with a limitation that, *inter alia*, Plaintiff was limited to "stand[ing] and/or walk[ing] 2 hours cumulatively in an 8-hour work day." (R. 92). Plaintiff argues that this RFC limitation "essentially limit[ed] Plaintiff to sedentary work" while the DOT listed Plaintiff's past relevant work as light work. (ECF No. 19, p. 4). In support of this contention, Plaintiff cites to Social Security Ruling 83-10, which provides that "at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, . . ." while "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

Plaintiff does not challenge the specific limitations contained within the ALJ's RFC determination. Instead, Plaintiff appears to be contending that, because of the two hour stand/walk limitation, the ALJ erred in classifying her as capable of performing light work with the limitations set forth above, rather than as being limited to sedentary work. While the Commissioner "does not dispute Plaintiff's description of the general requirements for a full range of light work[,]" he asserts that the argument is misplaced because the ALJ "never found Plaintiff capable of performing the 'full range' of light work; rather, the ALJ's RFC finding was for just 'light work' with the additional restriction[s]" identified. (ECF No. 20, p. 6).

Plaintiff's inability to perform the *full range* of light work based upon the 2-hour stand/walk limitation found in the ALJ's RFC determination does not essentially limit Plaintiff to sedentary work. "To determine the physical exertion requirements of work in the national economy, [the Social Security Administration] classif[ies] jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567. These definitions "describe the requirements for a *full*

5

*range* of work at a particular exertional level." *Malley v. Astrue*, No. CIV.A. 11-614, 2012 WL 520168, at *6 (E.D. La. Jan. 30, 2012) (emphasis in original), report and recommendation *adopted*, No. CIV.A. 11-614, 2012 WL 520146 (E.D. La. Feb. 15, 2012); *see generally*, SSR 83-10. In order to perform the full range of light work, an individual "must have the ability to do substantially all of [the] activities [required]." 20 C.F.R. § 404.1567(b); *see also* SSR 83-10. However, the Social Security Regulations specifically contemplate a situation where an RFC may be "somewhere in the middle" in terms of the regulatory criteria for exertional ranges of work. *See* SSR 83-12. "In fact, numerous courts have found that a two hour standing or walking limitation is consistent with the definition of a reduced range of light work." *Torres v. Berryhill*, No. CV 15-4416 (JRT/TNL), 2017 WL 1194198, at *3 (D. Minn. Mar. 30, 2017) (collecting cases); *see Nino v. Berryhill*, No. 4:17-CV-100-A, 2018 WL 889454, at *6 (N.D. Tex. Jan. 29, 2018) (plaintiff's "position that his inability to perform the full range of light work because he is limited to standing and walking for two hours in an eight-hour workday and, thus, should have been given an RFC limited to sedentary work has been rejected on multiple occasions."), report and recommendation *adopted*, No. 4:17-CV-100-A, 2018 WL 895601 (N.D. Tex. Feb. 13, 2018).

In the instant case, the ALJ made his step four determination based on Plaintiff's past relevant work as she actually performed it, not based on the general description of the work of an administrative clerk contained in the DOT. *See* (R. 98). Furthermore, Plaintiff does not challenge the hypothetical posed to the VE (R. 493) in which the ALJ described her past relevant work as she actually performed it. Nor does she challenge the ALJ's conclusion that the interrogatory to the VE (R. 492-96) is most consistent with the evidence in the record and Plaintiff's description of her past relevant work (R. 92). Because the ALJ's step four finding appears to be premised on evidence that Plaintiff could perform her past relevant work, as she actually performed it, including

the VE's opinion (R. 98, 493), the Court agrees with the Commissioner that Plaintiff's reliance on the general description of the work of an administrative clerk contained within the DOT is misplaced. The work description in the DOT does not affect the VE's testimony about Plaintiff's past work as she actually performed it. Therefore, the Court need not reconcile any conflict that exists between them, if one exists. *See also Ventura v. Colvin*, No. CV 6:16-0016, 2017 WL 1397131, at *2 (S.D. Tex. Mar. 30, 2017) ("The ALJ did not rely on the DOT descriptions in reaching his determination, but rather on Plaintiff's own past work as she actually had performed it. Therefore, to the extent the VE's testimony conflicted with the DOT, such conflict was immaterial.").

Based on the foregoing, the ALJ's Decision at step four that Plaintiff can perform her past relevant work as an administrative clerk, as she actually performed it, is supported by substantial evidence. As the Court finds that the ALJ's determination at step four is supported by substantial evidence, the Court rejects Plaintiff's contention that the ALJ needed to proceed to step five of the evaluation process where a finding of disability would have been required. The inquiry into a claimant's status as disabled "terminates if the Commissioner finds at any step that the claimant is or is not disabled." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision denying benefits is **AFFIRMED**.

**SIGNED** and **ENTERED** this 23rd day of July, 2019.

_____
**ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE**